[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10570

Non-Argument Calendar

_____

THOMAS BURGESS,

                                        Plaintiff-Appellant,

*versus*

PALM TRAN,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cv-80874-DMM

_____

Before JORDAN, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

Thomas Burgess, proceeding *pro se*, appeals the district court's dismissal of his amended complaint against Palm Tran, a public transportation company and corporate agent of Palm Beach County, asserting violations of Title VII of the Civil Rights Act of 1964 (Title VII), the Florida Civil Rights Act (FCRA), Fla. Stat. § 112.011(1)(a), and the Palm Beach County Equal Employment Ordinance. Burgess asserts several issues on appeal, which we address in turn. After review,[1] we affirm.

## I. DISCUSSION

### A. Title VII and FCRA Claims

Burgess contends that, in Counts 1 and 2 of his amended complaint, he asserted sufficient circumstantial evidence of race discrimination to state a claim under Title VII and the FCRA, respectively. Title VII makes it unlawful for an employer to fail or refuse to hire or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of his race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). The FCRA makes it unlawful for an employer to "discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to

---

[1] We review a district court's order granting a motion to dismiss for failure to state a claim *de novo*. *EEOC v. STME, LLC*, 938 F.3d 1305, 1313 (11th Cir. 2019).

compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status." Fla. Stat. § 760.10(1)(a). Discrimination claims brought under Title VII and the FCRA are analyzed under the same framework. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 n.6 (11th Cir. 2015).

### 1. Disparate Treatment

To make out a *prima facie* case of racial discrimination under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) test, a plaintiff must show that: (1) he belongs to a protected class; (2) he was qualified to do the job; (3) he faced an adverse employment action; and (4) his employer treated similarly situated employees outside his class more favorably. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). We have noted a plaintiff need not plead the elements of a *prima facie* case to survive a motion to dismiss, and the failure to produce a comparator "does not necessarily doom the plaintiff's case." *Tynes v. Fla. Dep't of Juv. Just.*, 88 F.4th 939, 946 (11th Cir. 2023) (quotation marks omitted). But an employment discrimination complaint must provide enough factual allegations that, taken as true, plausibly suggest intentional discrimination. *Surtain*, 789 F.3d at 1246. The complaint must satisfy the plausible-on-its-face standard, and the allegations must be sufficient to raise a right to relief above the speculative level. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1301 (11th Cir. 2010). We have noted, however, that "[a] failure in the *prima facie* case often also reflects a failure of the overall evidence," as a plaintiff who fails to prove that he

suffered an adverse employment action, for example, will be unable to prove that he was unlawfully discriminated against. *Tynes*, 88 F.4th at 945-46.

The district court did not err in dismissing Burgess's amended complaint for failure to state a claim as to his Title VII and FCRA claims. Burgess's amended complaint, while structurally an improvement from his original shotgun complaint, did not sufficiently plead a claim under Title VII or the FCRA, so Burgess cannot make a claim on the theory that he was discriminated against based on his prior convictions. *See* 42 U.S.C. § 2000e-2(a)(1); Fla. Stat. § 760.10(1)(a). Accordingly, Burgess's allegations that he provided Palm Tran with mitigating circumstances of his convictions were not relevant to a Title VII or FCRA claim.

In Count 1, to the extent Burgess brought a claim of race discrimination, he did not plead facts that show he was discriminated against because of his race. Burgess's claim alleges that he was discriminated against because of his criminal convictions, and he states that African Americans have higher conviction rates than other races. These allegations, taken on their face, do not plausibly allege intentional discrimination based on race. *Edwards*, 602 F.3d at 1301. Burgess concludes he was racially discriminated against because he had a criminal record and was denied employment, which would require the court to make a multi-step inference and assume that having a criminal record was synonymous to being African American in order to find Palm Tran liable for Title VII race

discrimination. As such, the court did not err in dismissing Count 1 for failure to state a claim of race discrimination under Title VII.

As to Count 2 of Burgess's amended complaint, alleging a violation of the FCRA, he did not make any specific allegations to overcome Palm Tran's motion to dismiss. § 760.10(1)(a). Burgess appears to have incorporated his allegations from Count 1 by stating the FCRA is Florida's version of Title VII, and that Palm Tran violated the FCRA. *Surtain*, 789 F.3d at 1245 n.6. The court did not err in dismissing this count for failure to state a claim because Burgess made a singular, conclusory claim that Palm Tran violated the FCRA, without factual allegations, which would not allow an inference of prejudice or racial animus. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating a complaint must include factual allegations sufficient "to raise a right to relief above the speculative level").

In its order granting Palm Tran's motion to dismiss, the court discussed only *McDonnell Douglas* as a framework to make a *prima facie* case, but in its order granting Burgess's motion for reconsideration, it also discussed other ways to show discrimination. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 508, 510-11 (2002) (emphasizing that an employment discrimination complaint need not contain specific facts establishing a *prima facie* case under the *McDonnell Douglas* framework). While Burgess was not required to plead only the *McDonnell Douglas* framework in order to satisfy the short-and-plain statement standard of Rule 8(a), and failure to provide comparator evidence was not alone fatal to his claim, he was still

required to allege facts that could plausibly suggest intentional discrimination.  *See Tynes*, 88 F.4th at 946; *Surtain*, 789 F.3d at 1246. Burgess did not plead a *prima facie* case under the *McDonnell Douglas* framework because he did not provide comparator evidence, and he did not otherwise plead any factual allegations as to Count 1 or 2 that would rise above speculation that he had been discriminated against because of his race.

### 2.  Disparate Impact

Burgess asserts the district court violated the Supreme Court's decision in *Haines v. Kerner*, 404 U.S. 519 (1972), because it did not grant him an evidentiary hearing, at which he would have made a disparate-impact claim by showing that Palm Tran had a practice to not hire people "like Burgess."  In *Haines v. Kerner*, the petitioner sued the Governor of Illinois and state officers and prison officials for injuries, and denial of his due process rights when he was placed in solitary confinement.  404 U.S. at 519-20 (1972).  The district court granted the respondent's motion to dismiss for failure to state a claim, and the petitioner appealed, arguing the district court erred in dismissing his *pro se* complaint without allowing him to present evidence.  *Id.* at 520.  The Court held that, although the complaint was "inartfully pleaded" and that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers, the petitioner was entitled to present supporting evidence, and it concluded that "he [was] entitled to an opportunity to offer proof."  *Id.* at 520-21.

24-10570                Opinion of the Court                7

The court did not wrongfully deny Burgess's motion for a hearing before granting Palm Tran's motion to dismiss.[2] Burgess cites *Haines* in support of his argument that he was entitled to an evidentiary hearing, but, in *Haines*, the district court granted the defendant's motion to dismiss for failure to state a claim without allowing Haines to amend or respond. *Haines*, 404 U.S. at 519-20. Additionally, nothing in *Haines* guarantees a right to a hearing, but rather, the Supreme Court instructed the district court to ensure the *pro se* plaintiff had the opportunity to present evidence in his case because his *pro se* pleadings, although "inartful[]," were sufficient. *Id.* at 520-21. In contrast, the court allowed Burgess to amend his original shotgun complaint, offering specific instructions on how to do so. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (explaining a district court should provide a plaintiff an opportunity to amend a shotgun complaint before dismissing an action). It also warned Burgess that he would only have one opportunity to amend his complaint. The court stated it could have dismissed Burgess's amended complaint as a shotgun pleading, but chose not to do so, giving him leeway as a *pro se* party and considering the complaint on the merits. *Pinson v. JPMorgan Chase Bank, N.A.*, 942 F.3d 1200, 1208 (11th Cir. 2019) (stating *pro se* litigants are given more leeway than parties represented by counsel,

_____

[2] Burgess also argued he should have been granted an evidentiary hearing because of the nature of his job as a truck driver, which left him with little time to work on his filings, but he did not point to any specific fact or piece of evidence that he could not include in his pleadings that he would have presented at a hearing that would make his case plausible. *STME, LLC*, 938 F.3d at 1313.

but must still follow shotgun-pleading rules and give the defendant adequate notice of the claims against it and the grounds on which the claims rest).

As to Burgess's argument that he pleaded a disparate-impact claim, he did not plead the elements of a disparate-impact claim. In its order granting Burgess's motion for reconsideration, the court did not err in reasoning that Burgess did not make a disparate-impact claim because he did not point to a practice or policy that resulted in discrimination. *See EEOC v. Joe's Crab Shack, Inc.*, 220 F.3d 1263, 1274-75 (11th Cir. 2000) (stating to establish a *prima facie* case of disparate impact discrimination, the complaining party must (1) identify a particular employment practice that caused a disparate impact based on race, color, religion, sex, or national origin; (2) offer statistical evidence sufficient to show that the challenged practice has resulted in prohibited discrimination; and (3) establish that a causal nexus between the two exists). In his amended complaint, Burgess made statements that Palm Tran discriminated against him because of his criminal convictions and his race, but he did not point to an employment practice or offer statistical evidence to show prohibited discrimination beyond his own personal circumstances. *See id.*

B. Fla. Stat. § 112.011(1)(a)

Burgess asserts the court erred in dismissing Count 3 of his amended complaint because he did not fail to exhaust administrative remedies, as required under § 112.011.

Under § 112.011(1)(a),

> . . . a person may not be disqualified from employ-
> ment by the state, any of its agencies or political sub-
> divisions, or any municipality solely because of a prior
> conviction for a crime. However, a person may be
> denied employment by the state, any of its agencies
> or political subdivisions, or any municipality by rea-
> son of the prior conviction for a crime if the crime was
> a felony or first-degree misdemeanor and directly re-
> lated to the position of employment sought.

Fla. Stat. § 112.011(1)(a). Section 112.011 "does not apply to the employment practices of any county or municipality relating to the hiring of personnel for positions deemed to be critical to security or public safety." Fla. Stat. § 112.011(2)(c). Additionally, the county may require a criminal history record check for county employees with direct contact with individual members of the public. Fla. Stat. § 125.5801(1)(c).

The district court did not err in dismissing Count 3 for failure to state a claim. First, Burgess included no facts about his convictions in his amended complaint, so the court could not determine whether the crime was a felony or first-degree misdemeanor, or whether the duties of a bus operator related to his criminal conduct. Fla. Stat. § 112.011(1)(a). Additionally, Burgess stated under Count 3 that Palm Tran "acted with willful and wanton disregard" of his Title VII rights, but he did not provide any specific factual allegations as to how Palm Tran violated the statute. *See Twombly*, 550 U.S. at 555. Further, Burgess did not include any information indicating he had exhausted his administrative remedies, as

required by statute,[3] as he began the process by filing a charge of discrimination with the Palm Beach County Office of Equal Opportunity and the EEOC, and then he was granted a right-to-sue letter by the EEOC. Accordingly, we affirm as to this issue.

## C. *Palm Beach County Equal Employment Ordinance*

Lastly, Burgess contends the court erroneously dismissed Count 4 of his amended complaint because he also exhausted administrative remedies under the Palm Beach County Equal Employment Ordinance. The Palm Beach County Equal Employment Ordinance states,

> It shall be the policy of the Board of County Commissioners, in the exercise of its police power for the public safety, public health, and general welfare to assure, within constitutional limitations, that all persons regardless of race . . . as defined by Title VII of the Civil Rights Act of 1991, as amended . . . the Florida Civil Rights Act, as amended, . . . be afforded equal opportunity to all terms and conditions of employment.

Palm Beach County, FL. Palm Beach County Equal Employment Ordinance No. 2021-001 (Jan. 20, 2021).

---

[3] A violation of § 112.011 is adjudicated according to the administrative and judicial review procedures in Florida Statutes Chapter 120. Fla. Stat. § 112.011(3). A party is only entitled to judicial review if he is adversely affected by a final agency action. Fla. Stat. § 120.68(1)(a).

The court did not err in dismissing Count 4 for failure to state a claim. Burgess's allegations as to Count 4 only stated he proved Title VII discrimination in Count 1, which is a legal conclusion without any specific facts to show he is entitled to relief under the ordinance. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim for relief.). In his amended complaint, Burgess did not indicate what conduct the ordinance protects or what actions he alleged violated the ordinance. *See Twombly*, 550 U.S. at 555. Accordingly, we affirm as to this issue.

## II. CONCLUSION

The district court did not err in dismissing Counts 1 and 2 of Burgess's amended complaint for failure to state a claim because he did not plead specific facts and drew conclusions alleging race discrimination, while also presenting a theory of discrimination based on his convicted felon status, which is not a protected class under Title VII or the FCRA. Second, as to Count 3, Burgess did not plead facts regarding his crimes of conviction, preventing the court from discerning whether he qualified for relief under Fla. Stat. § 112.011(1)(a). Lastly, the district court did not err in dismissing Count 4 because Burgess made a conclusory statement in his amended complaint, incorporating the facts and allegations from Count 1. Therefore, we affirm the district court's dismissal of Burgess's amended complaint.

**AFFIRMED.**